1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  WILLIAM MORENO, | Case No. 1:20-cv-00271-SKO (PC) |
| 12         Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE** |
| 13     v. | |
| 14  WILSON, | 14-DAY DEADLINE |
| 15         Defendant. | Clerk of the Court to Assign a District Judge |

16

17      On May 14, 2020, the Court issued an order directing Plaintiff to complete and return

18  "service documents" within 30 days. (Doc. 9.) On May 27, 2020, the U.S. Postal Service returned

19  the order as undeliverable. To date, Plaintiff has neither updated his address with the Court, nor

20  responded to the order.

21      As explained in the Court's first informational order, parties appearing *pro se* must keep

22  the Court advised of their current address. (Doc. 3 at 5.) Pursuant to Local Rules, if mail directed

23  to a *pro se* plaintiff at his address of record is returned by the U.S. Postal Service, and the plaintiff

24  fails to update his address within 63 days, the Court may dismiss the action for failure to

25  prosecute. Local Rule 183(b).

26      Local Rules also provide that "[f]ailure of counsel or of a party to comply with … any

27  order of the Court may be grounds for the imposition by the Court of any and all sanctions …

28  within the inherent power of the Court." Local Rule 110. "District courts have inherent power to

1    control their dockets" and, in exercising that power, may impose sanctions, including dismissal of

2    an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A

3    court may dismiss an action based on a party's failure to prosecute an action, obey a court order,

4    or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

5    (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal*

6    *Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order);

7    *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and

8    to comply with local rules).

9           Although more than 63 days have passed since the U.S. Postal Service returned the

10   Court's order, Plaintiff has failed to notify the Court of his current address. It appears that

11   Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is

12   inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and Local Rules.

13   The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

14          Accordingly, the Court RECOMMENDS that this action be DISMISSED without

15   prejudice for failure to prosecute. The Court DIRECTS the Clerk of the Court to assign a district

16   judge to this action.

17          These Findings and Recommendations will be submitted to the United States District

18   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**

19   of the date of service of these Findings and Recommendations, Plaintiff may file written

20   objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

21   Findings and Recommendations." Plaintiff's failure to file objections within the specified time

22   may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

23   2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

24

25   IT IS SO ORDERED.

26   Dated:   **August 10, 2020**                    /s/ *Sheila K. Oberto*

27                                                    UNITED STATES MAGISTRATE JUDGE

28

2